*110 Tbe opinion of tbe Court was delivered by
MuNRO, J.
Tbe conceded facts of tbe above cases, are briefly these:
Tbat tbe notes upon wbicb tbe actions are founded, belonged to tbe intestate in bis lifetime, and were found among bis effects, after bis decease; tbat bis widow, and tbe other distributees of tbe estate, supposing no debts to be due by tbe intestate, and with tbe view of avoiding tbe expense incident to a regular administration, authorized tbe plaintiffs to act as their agents, in settling tbe affairs of tbe estate.
But apart from tbe authority tbat is claimed to be derived from tbe above mentioned agency, tbe ground tbat is mainly relied on to sustain tbe actions in their own names, is this: tbat tbe mere possession of a note payable to bearer, the bolder having no interest whatever in it, entitles him to maintain an action in bis own name, and tbat it is not competent for tbe maker to .question bis right to recover; and in support of this doctrine, tbe cases of Jackson vs. Heath, 1 Bailey, 355, and O'Brien vs. Sauls, 2 Rich. 332, are relied on.
As to tbe first mentioned case, Jackson vs. Heath, it has certainly no application whatever to tbe case in band, for there, tbe notes upon wbicb tbe action was brought bad been delived by tbe testator in bis lifetime to tbe plaintiff for tbe use of an infant grand-daughter; and it was properly held by tbe Court, tbat tbe delivery of the notes to tbe plaintiff, constituted him a trustee, and therefore tbe legal owner; and until be bad executed bis trust by tbe surrender of tbe notes to tbe cestui que trust, be bad a right to bring an action upon tbém in bis own name.
And it is equally certain tbat tbe position contended for derives as little support from tbe case of O'Brien vs. Sauls, for all tbat was decided in tbat case was this: tbat upon a note payable to bearer, a suit may be brought in tbe name of a party having no interest in it, for the benefit, and by the direc *111 tion of the owner ; but at tbe same time it was beld to be competent for defendant to impeach tbe plaintiff’s title by showing that its possession had been obtained mala fide.
In the present case, there cannot be the slightest pretence for saying, that the plaintiffs are suing for the benefit, and by the direction of the legal owners of the notes: for in no sense of the term, can the distributees be said to be the owners of the effects of an intestate; their rights being merely contingent until the estate has been fully administered. No one can with propriety be said to be the owner of the goods of an intestate, unless it be one who can trace his authority to a regular administration granted by the Ordinary. Were it otherwise, the necessity imposed upon a party suing in his representative capacity, to make profert of his authority, would be senseless and unmeaning.,
Whether the estate be indebted or not, is a matter entirely foreign to the consideration of this question; the sole question here, being, whether the plaintiffs, without having obtained letters of administration upon the estate of the intestate, can nevertheless maintain actions for the recovery of debts that were due to him at the time of his death.
No legal proposition is better established than this: that any intermeddling with the effects of an intestate, stamps upon the party the character of a wrong-doer, (I use the term wrong-doer in its strictest legal sense, being the only sense in which it is applicable to these plaintiffs,) and no authority derived from the distributees can legalize the act.
It would be a dangerous precedent to permit any interference with the goods of an intestate, without the sanction of legal authority, under the pretext that the estate was not indebted. In the administration of an estate, the rights of its debtors, are as much under the protection of the law, as are the rights of creditors and distributees. Payment by a debtor of an estate, with a knowledge at the time that a person to whom it is made, is not the legal representative, would *112 be no protection to him, against an action brought by one clothed with legal authority; so neither could a recovery by the present plaintiffs be pleaded in bar to an action brought against these defendants by a lawful administrator.
Eor the foregoing reasons we are satisfied with the ruling of the Circuit Judge, in granting the non-suits, so that the motions in both cases must be dismissed; and it is so ordered.
O’Neall, Wardlaw, Withers, Whither, and Gloyek JJ., concurred.

Motions dismissed.